Filed 3/3/23  P. v. Green CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>LANCE WILLIAM GREEN,<br><br>        Defendant and Appellant. | D080718<br><br><br>(Super. Ct. No. FWV700893) |

APPEAL from an order of the Superior Court of San Bernardino County, Mary E. Fuller, Judge.  (Retired Judge of San Bernardino Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Lance William Green in pro. per.; and Kevin D. Sheehy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2008, a jury convicted Lance William Green of second degree murder (Pen. Code, § 187, subd. (a)) and found he personally used a deadly weapon (a knife) in the commission of the offense.  Green was sentenced to an indeterminate term of 16 years to life in prison.

Green appealed and this court affirmed the judgment. (*People v. Green* (Oct. 5, 2010, D057210) [nonpub. opn.].)

In 2022, Green filed a petition for resentencing under section 1170.95 (now renumbered section 1172.6). The court appointed counsel, received briefing, and held a hearing on the petition. At the hearing, counsel noted Green was the actual killer. Green acknowledges he was the killer in his petition for resentencing. Given the undisputed fact Green was the actual killer, the trial court determined Green was not eligible for resentencing under section 1172.6.

Green filed a notice of appeal from the denial of his petition.

Appellate counsel has not been able to identify any arguable issues for reversal on appeal and has filed a brief pursuant to *People v. Delgadillo* (2023) 14 Cal.5th 216 (*Delgadillo*). Counsel advised Green and the court that counsel has not been able to identify any arguable issues and that Green has the right to submit a supplemental brief. We advised Green that his appeal would be dismissed if he failed to submit a brief. Green has responded with a supplemental letter brief.

## DISCUSSION

This appeal is from the denial of a postjudgment petition for resentencing is being reviewed in accordance with the procedure established by our Supreme Court in *Delgadillo*. Accordingly, we address the merits of the supplemental brief.

We note Green does not actually challenge the substance of the trial court's denial of his petition. He acknowledges he was the actual killer. No claim has been presented to the effect Green was an aider or abettor or that he was convicted on a theory of felony murder or natural and probable consequences arising from aiding and abetting.

2

Green's supplemental brief does not address the merits of the resentencing petition or the trial court's decision on the merits. Rather, Green challenges his original conviction. He claims his conviction was unlawful since he was acting in self-defense when he stabbed the victim. He further argues inadequate medical care provided to the victim was a superseding cause of death.

We dealt with Green's challenges to his conviction in our prior appeal and upheld the conviction. Nothing in Green's supplemental brief raises an arguable issue for reversal on appeal.

Green has been represented by competent counsel on this appeal.

## DISPOSITION

The order denying Green's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


IRION, J.


BUCHANAN, J.